# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| PAUL A. LOVINGS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00009 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COURT AND LEGAL DEPARTMENT, ) | By: Hon. Thomas T. Cullen |
| *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

Plaintiff Paul A. Lovings, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, challenging the calculation of his mandatory parole release date. Having reviewed the complaint, the court concludes that Lovings has failed to state a cognizable claim for relief under § 1983. Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

## I.

According to the complaint, Lovings is serving a sentence of imprisonment of 54 years and six months. (Compl. 2 [ECF No. 1].) In the late 1980s, Lovings opted to participate in Virginia's Good Conduct Allowance ("GCA") system. (*Id.* at 3.) Under this system, inmates are classified at one of four levels based on "initiative, conduct and performance in their assignments." Va. Code Ann. § 53.1-201 (2021). The inmates receive credit for good conduct at the following rates: Class Level I "at a rate of thirty days credit for each thirty days served"; Class Level II "at a rate of twenty days credit for each thirty days served"; Class Level III "at a rate of ten days credit for each thirty days served"; and Class Level IV "at a rate of no credit

for each thirty days served." *Id.* A portion of the credit earned through the GCA system is applied to reduce the period of time an inmate serves before being eligible for parole. *Id.* § 53.1-199.

Lovings alleges that he was assigned to Class Level I in 2007, "which made [his] mandatory parole release date May 28, 2020." (Compl. 4.) In 2011, his GCA classification was reduced to Class Level IV, which extended his mandatory parole release date to June 24, 2030. (*Id.* at 5.) Lovings has since returned to Class Level I. (*Id.* at 7.) He alleges, however, that his mandatory parole release date has not been correctly adjusted to reflect that designation and that the alleged error is affecting the "duration and length of [his] confinement in prison." (*Id.* at 13.) In particular, Lovings contends that he should have been released in 2020, but his mandatory parole release date is currently projected to be September 25, 2023. (*Id.* at 12–13.)

In his complaint filed under 42 U.S.C. § 1983, Lovings states that he is "challenging his mandatory parole release date and the fact and length of [his] confinement to be served in the future." (*Id.* at 1.) Lovings seeks "restoration of the correct mandatory parole release date." (*Id.* at 3.) He also seeks to recover $30,000 in compensatory and punitive damages. (*Id.* at 19.)

Exhibits to the complaint indicate that Lovings filed an internal grievance challenging the mandatory parole release date of September 25, 2023. In response, the warden advised Lovings that "Court and Legal was contacted and stated that the Mandatory Parole Release date of 9-25-2023 is correct." (Comp. Ex. [ECF No. 1-1 at 12].) Consequently, the grievance was deemed "unfounded." (*Id.*)

**II.**

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.**

"Section 1983 'creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States.'" *Hensley v. Price*, 876 F.3d 573, 580 (4th Cir. 2017) (quoting *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013)). When an inmate seeks to challenge the fact or duration of his confinement, however, he "cannot use a § 1983 action." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.*

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 485 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Court later extended its holding to actions arising from prison disciplinary proceedings where the "defect complained

of by [an inmate] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Edward v. Balisok*, 520 U.S. 641, 646 (1997). The Court has since explained as follows:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 81–82 (emphasis in original).

Applying these principles, the court concludes that Lovings' claims are not cognizable under § 1983. Lovings contends the defendants have miscalculated his mandatory parole release date and that he should have been released on parole in 2020. Because a judgment in Lovings' favor would necessarily call into question the fact or duration of his continued confinement, his § 1983 action is "barred" by Supreme Court precedent. *Id.*

**IV.**

For the reasons stated, the court will dismiss Lovings' complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[*]

---

[*] If Lovings still wishes to challenge the calculation of his mandatory parole release date, he must file a separate petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting remedies available in state court. *See In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) (holding that petitions challenging the execution of a state sentence must be filed under 28 U.S.C. § 2254 and are subject to "all associated statutory requirements") (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state court remedies).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 6th day of July, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE